# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 03-3363-S |
| | ) |
| STEPHEN BULLARD, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Robert L. Johnson, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his incarceration at William E. Donaldson Correctional Facility in Bessemer, Alabama. Plaintiff names as defendants Warden Stephen Bullard, Mail Clerk Mary Willis and Commissioner of the Alabama Department of Corrections Donal Campbell.[1] He seeks monetary damages and injunctive relief.

The magistrate judge entered an Order for Special Report (doc. 8) directing that copies of the complaint in this action be forwarded to defendants and requesting that they file a special report addressing the factual allegations of plaintiff's complaint. The defendants were advised that the special report could be submitted under oath or

---

[1] In March 2006, Richard Allen replaced Donal Campbell as Commissioner of the Alabama Department of Corrections. No motion to substitute has been received by either party.

accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. By the same Order, plaintiff was advised that after he received a copy of the special report submitted by the defendants he should file counter affidavits if he wished to rebut the matters presented by the defendants in the special report. Plaintiff was further advised that such affidavits should be filed within twenty days after receiving a copy of the defendants' special report.

The defendants filed a special report (doc. 11) accompanied by affidavits. Plaintiff was thereafter notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose. Plaintiff was advised of the consequences of any default or failure to comply with FED. R. CIV. P. 56. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). (Doc. 13). Plaintiff filed a response (doc. 14).

## **SUMMARY JUDGMENT STANDARD**

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989).  Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991).  As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case.  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."  Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof.  This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted). However, any "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment. *See Perry v. Thompson*, 786 F.2d 1093 (11th Cir.1986).

## **FACTUAL ALLEGATIONS**

The plaintiff claims that on several occasions he did not receive mail and/or magazines sent to him in prison because they were considered "sexually explicit" and thus deemed contraband. The parties agree that the plaintiff did not receive the items in question due to a modification of Administrative Regulation #303. As of December 17, 2003, that regulation prohibits inmates from possessing sexually explicit materials that feature nudity as defined by the regulation and which pose a threat to the security, good order or discipline of the institution. *See* exhibit to complaint, Memorandum of November 17, 2003. The plaintiff complains that money was taken from his account to pay for his adult magazine subscription, but he did not receive the magazine. Rather, he received a copy of the November 17, 2003 memo. Thereafter, other materials mailed to him were returned to the sender as unapproved pornographic material. He protested the confiscation/return of his magazines, but defendant Warden Bullard denied the same. Exhibits to Counteraffidavit of plaintiff (doc. 12) and exhibit to Objection to Order (doc. 14).

Plaintiff fails to asserts any specific constitutional right which has been infringed. In his Objection (doc. 14), the plaintiff states only that "we have a constitine (sic) rights (sic) to read what ever (sic) books that we buy or pay for."

The court is of the opinion that all of the plaintiff's claims for damages against all of the defendants are due to be dismissed. The plaintiff sued the defendants in their official capacities; however, they are each employees of the State of Alabama and cannot be held liable in damages, in their official capacities, for their own acts or those of their employees because they enjoy Eleventh Amendment immunity. It is well settled that the Eleventh Amendment to the United States Constitution bars Section 1983 claims in federal court against the state or an agency of the state. *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Supreme Court in *Pugh*, stated:

> [T]here can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, sec. 14, of the Alabama Constitution, which provides that "the State

of Alabama shall never be made a defendant in any court of law or equity."

438 U.S. at 782. "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)." *Gamble v. Florida Dept. of Health & Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986). Accordingly, plaintiff cannot maintain a § 1983 action against the defendants in their official capacities.

As the plaintiff fails to allege any action by the defendants in their individual capacities, the court finds that the plaintiff's claims are due to be dismissed and that the defendants are entitled to judgment in their favor as a matter of law.

An appropriate Order shall be entered.

DONE on this 31st day of May, 2006.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE